Calwell v. The City of Boone.

CALWELL v. THE CITY OF BOONE.

1. Municipal Corporations: NOT LIABLE FOR TORTS OF POLICE OFFICER. Cities are not liable for the acts of their police officers, in the enforcement of police regulations, and cannot make themselves liable by the ratification of such acts.

*Appeal from Boone Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION for damages alleged to have been sustained by reason of an assault and battery committed by one Butcher, and also for damages for malicious prosecution and false imprisonment. The petition alleges, in substance, that at the time of the act complained of Butcher was the duly appointed deputy marshal of the defendant city, and as such discharged a revolver at him, struck him with a policeman's

billy, and arrested and handcuffed him; that he did so under
the pretense of enforcing an ordinance of the city, providing
for the punishment of persons being drunk upon the streets
of the city to the annoyance of the citizens; that the plaintiff
was not in fact drunk, as the defendant city well knew; that,
nevertheless, the defendant ratified the acts of the deputy
marshal and caused the plaintiff to be imprisoned, and ma-
liciously, and without probable cause, prosecuted him for the
alleged offense, of which offense he was finally acquitted.
The petition further states that the deputy was a person of
violent temper and intemperate habits, and an unfit person
to hold the office of deputy marshal, all which was well known
to the defendant.

The defendant demurred to the petition. The court sus-
tained the demurrer, and rendered judgment thereon. The
plaintiff appeals.

*Holmes & Reynolds* and *C. C. Cole*, for appellant.

*Henderson & Hall* and *I. N. Kidder*, for appellee.

ADAMS, J.—The police regulations of a city are not made
and enforced in the interest of the city in its corporate capac-
ity, but in the interest of the public. A city is
not liable, therefore, for the acts of its officers in
attempting to enforce such regulations. The
question involved in this case arose in *Buttrick v.
City of Lowell*, 1 Allen, 172. BIGELOW, Ch. J., said: "Police
officers can in no sense be regarded as the agents or servants
of the city. Their duties are of a public nature. Their ap-
pointment is devolved on cities and towns by the Legislature,
as a convenient mode of exercising a function of government;
but this does not render them liable for their unlawful or
negligent acts;" following *Hafford v. City of New Bedford*, 16
Gray, 297. The same doctrine was held in *Town of Odell v.
Schroeder*, 58 Ill., 353. See, also, as tending to support it,
*Ogg v. City of Lansing*, 35 Iowa, 495; *Prather v. City of Lex-*

1. MUNICIPAL
corporations:
not liable for
the acts of po-
lice officers.

*ington*, 13 B. Mon., 559; *Elliott v. City of Philadelphia*, 75 Pa. St., 347.

It is contended, however, that if a city is not liable in the first instance for the illegal acts of its officers in enforcing a police regulation, it may become liable by ratification. But a city has no power to authorize a police officer to commit an unlawful act, and what it cannot do directly it cannot do indirectly by ratification. The same consideration disposes of the allegation that the deputy marshal was an unfit person for the office, as the city knew. His illegal acts could not become the acts of the city.

We think that the demurrer was properly sustained.

AFFIRMED.