### The Town of State Center v. Barenstein.

1. **Cities and Towns**: LICENSING PEDDLERS: VOID ORDINANCE. Cities
and towns have power to provide by ordinance for licensing ped-
dlers; (Code, § 463;) but if an ordinance passed for that purpose is such
that a court, upon a mere examination of its terms, must declare it
unreasonable, it is void. In this case, *held* that an ordinance requiring
a peddler to pay as a license "not less than one nor more twenty-five
dollars for a fixed time, in the discretion of the mayor," was void for
unreasonableness.

*Appeal from Marshall District Court.*

WEDNESDAY, JUNE 3.

THE defendant was convicted of a misdemeanor in violat-
ing an ordinance of the town of State Center, and was
adjudged to pay a fine of $25. From the judgment he
appeals to this court.

*Parker & Childs*, for appellant.

*Frank Walker* and *James Allison*, for appellee.

ADAMS, J.—The defendant was charged with peddling
goods from house to house on the streets of State Center,
without first procuring a license therefor, contrary to the
ordinances in such case made and provided. The defendant
admits that he peddled goods as charged, and without pro-
curing a license as provided by the ordinances of the town,
but he contends that the ordinances have no validity, for the
reason that the same are unreasonable and unauthorized. It
is not necessary to set out the ordinances in full. It is suf-
ficient to say that provision is made for licensing certain
occupations, and, among them, selling goods at retail from

house to house. And it is provided that a person engaged in such occupation "shall pay not less than one nor more than twenty-five dollars for a fixed time, in the discretion of the mayor." The power to regulate and license peddlers is unquestioned. It is expressly conferred by section 463 of the Code. But the power can be exercised only under an ordinance, and if an ordinance is passed for such purpose, and is such that a court must, upon mere examination of its terms, declare it unreasonable, it is void. Dill. Mun. Corp., § 254. *Commissioners v. Gas Co.*, 12 Pa. St., 318. The ordinance in this case is a very peculiar one. It not only did not fix the amount of the license, but did not, in any proper sense, limit it. The limitation of $25 has no significance, because the time for which that sum might be charged was left wholly to the mayor, and he might fix so short a time as to be equivalent to a refusal to license at all. This, we think, was not a proper exercise of the power vested in the council to regulate and license peddlers. It was more in the nature of a delegation of their whole power to the mayor. In our opinion the ordinance cannot be sustained.

REVERSED.