PHILIP LAHNER Appellant v. INCORPORATED TOWN OF
WILLIAMS.

**Enforcement of Police Regulations by Municipality: LIABILITY FOR ACTS OF OFFICER.** A person arrested without cause by an officer of a municipal corporation, and confined in the lockup over night, without food or water, or protection from the cold, cannot recover from the corporation for injuries to his health, caused by the negligence of the authorities in not keeping the lockup in proper condition. The enforcement of police regulations of a municipal corporation are not the acts of the corporation for its private uses but in so enforcing, it acts for the state for the general good of the public.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, DECEMBER 19, 1900.

ACTION for personal injuries. Judgment for defendant, and the plaintiff appealed.—*Affirmed.*

*D. C. Chase* for appellant.

*A. N. Boeye* for appellee.

GRANGER, C. J.—The petition shows that the defendant is a municipal corporation under the laws of this state; that the officers of said corporation arrested plaintiff .in 1898, without legal cause or excuse, and unlawfully, cruelly, and inhumanly treated him by imprisoning him in a certain dirty, filthy lockup, or calaboose, used by the defendant as a prison. The following are averments of the petition: "That the said calaboose was an unfit place in which to confine any person, being used as a privy, and being in a foul and filthy condition, and the floors thereof being covered with human excrement, etc.; that he was placed in the said calaboose about 7 o'clock P. M., and confined without any suitable protection against the cold, or any food or water,

for the night; and that by reason of being so imprisoned by the said defendant in the said calaboose, and by reason of the neglect and misconduct of the said defendant in allowing the said calaboose to be in a filthy, unhealthy, and untenantable condition, and by reason of the inhuman treatment of said defendant, the plaintiff was caused great mental and bodily suffering, and was made sick in body, and his health has been greatly injured and impaired, and the damage to the health of said plaintiff was caused by the misconduct, carelessness, negligence, and the omission of the said defendant in not keeping the said lockup or calaboose in a fit and proper condition." A demurrer was interposed to the petition, which the court sustained, and the correctness of its ruling is for our determination.

The legal inference from the averments of the petition is that the acts complained of were done by the officers of the corporation in an attempt to enforce its police regulations, and the query is presented if a municipal corporation is liable for such acts. Outside of this state the authorities are divided on the question, and while no case, with facts like this, has before been presented to this court, cases involving the rule in question have been before us. In *Calwell v. City of Boone,* 51 Iowa, 687, such a question was presented, arising out of the unlawful acts of its officers in the arrest of a person, and his treatment thereafter; and this language is used: "The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city is not liable, therefore, for the acts of its officers in attempting to enforce such regulations." The opinion quotes from *Buttrick v. City of Lowell,* 1 Allen, 172, as follows: "Police officers can in no sense be regarded as the agents or servants of the city. Their duties are of a public nature. Their appointment is devolved on cities and towns by the legislature as a convenient mode of exercising a function of government; but this does not render them liable for their unlaw-

ful or negligent acts." In *Easterly v. Town of Irwin,* 99 Iowa, 694, the substance of the above language is used, with the following conclusion: "In the matter of enforcing its police regulations the city acts as an agent of the state in the discharge of duties imposed by law for the promotion and preservation of the public good, and not as a mere private corporation in the management of its corporate concerns." In *Lindley v. Polk County,* 84 Iowa, 308, we held the county not liable for injuries sustained by a prisoner to his health while confined in a county jail by reason of its unfit condition as a place for the confinement of prisoners. The case refers to *Kincaid v. Hardin County,* 53 Iowa, 430, in which this court denied the liability of the county for injuries resulting from the defective construction of a court house, and refused to extend the established rule in this state as to the liability of the county for injuries resulting from the defective construction of bridges. The rule of these cases is so broad and comprehensive that there seems little room for discussion. They are cited and quoted from by appellee, and appellant has made no attempt to show them inapplicable, or to avoid their force  The cases seem conclusive of the the question before us, and the judgment of the court below must be AFFIRMED.