119  321
131  246

119   321
f134  397

Stewart McFadden, by His Next Friend, Appellant, v. The Incorporated Town of Jewell, Appellee.

Action for Negligence of Employe.  Where a city, in the exercise of its police power, employs one to clear the obstructions from an alley, it does not become liable in damages for a personal injury caused by the negligence of the employe.

*Appeal from Hamilton District Court.*—Hon. S. M. Weaver, Judge.

Friday, January 30, 1903.

The plaintiff is a minor, and he sues by his next friend, J. F. McFadden.  A demurrer was interposed to the petition, and the same was sustained.  Plaintiff having elected to stand on his petition, and refusing to plead over, judgment was rendered against him for costs, and he appeals.—*Affirmed.*

*Wesley Martin* for appellant.

*Hyatt & Hyatt* and *J. M. Blake* for appellee.

Bishop, C. J.—The allegations of the petition are substantially as follows:  That prior to July 15, 1899, a public alley within the limits of the defendant town had been allowed to become obstructed and grown up with weeds and grass; that cn said day the defendant employed one Foster to mow and cut down such weeds and grass, and that said Foster, pursuant to his employment, and under the direction of defendant as to the means and manner of said employment, proceeded with the work for which he was employed, using therefor a mower drawn by a team of

horses; that the operation of the mower attracted to the alley a number of children from the homes near to and adjoining the same; that plaintiff, then about two years old, and residing with his parents near said alley, was attracted by the operation of the mower and by the voices of other children in the alley; that, as said Foster was driving south through said alley with his team and mower at work, the plaintiff entered the alley, and proceeded to walk north, so that the child and team were approaching each other from opposite directions; that from the time plaintiff entered the alley until he was injured said Foster could have seen him by the exercise of ordinary care, and thus prevented the accident; that the children in the rear of the team and mower saw plaintiff, and one of them called loudly to Foster to attract his attention, and that, while he heard the call, and asked the cause thereof, he paid no further attention thereto, and did not stop his team; that he, said Foster, negligently and carelessly drove said mower upon and against plaintiff, causing an injury, which is set forth and described. It is then said that defendant was guilty of negligence in employing said Foster to mow said alley by the use of a team and mower, as plaintiff and other children were in the habit of playing therein, which fact, and of the danger to such children incident thereto, was well known at all times to defendant and said Foster. The demurrer in terms puts in issue the sufficiency of the petition as stating a case of actionable negligence on the part of the defendant.

Conceding, for the purposes of this opinion, that the petition states a cause of action as against Foster, we proceed to the inquiry whether a case of actionable negligence is stated as against the defendant town. It does not appear by whom—that is, by what official board or officer of the town—Foster was employed. Nor is it stated what were the terms of his employment, save that it is said he was under the direction of the defendant as to the means and manner of his

employment. The defendant being a municipal corporation, it follows of necessity that the contract of employment with him must have been entered into by some official board, committee, or officer. Now, whether it was the town council, or a committee thereof on public health or streets and alleys, or the street commissioner of the town, is immaterial, in our view. Certain it is that in the matter of its control over the streets and alleys within the incorporate limits—and, to make the reference direct, in the matter of clearing the alley in question of weeds—the town was in the exercise of police powers possessed by it as an incident to its existence as a municipal corporation.

It is well settled that where an act done by an officer or employe of a municipal corporation is essentially in the line of the performance of an official duty, public in character, the municipality cannot be made liable for a tort committed or wrong done by such officer or employe while engaged as such in the performance of the duty in question. That acts done in the execution of police powers and in the enforcement of police regulations are in the nature of the performance of a service for the benefit of the general public cannot well be questioned. In this connection it has been held that: "The grounds of exemption from liability are that the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community; that the members of the fire department, although appointed by the city corporation, are not, when acting in the discharge of their duties, servants or agents in the employment of the city, for whose conduct the city can be held liable, but they act rather as public officers, or officers of the city charged with a public service, for whose negligence or misconduct in the discharge of official duty

no action will lie against the city, unless expressly given; and hence the doctrine of *respondeat superior* has no application." *Hayes v. City of Oshkosh*, 33 Wis. 314 (14 Am. Rep. 760). And in *Condict v. Jersey City*, 46 N. J. Law, 157, it was held that, where a person was employed by the board of public works of a municipality to drive a horse and cart owned by such municipality, and used in carting refuse to the dumping ground, and by the negligence of such driver in making a dump from such cart the plaintiff's intestate was killed, it was held the doctrine of *respondeat superior* had no application. And a city cannot be made liable for the negligence of a teamster employed in transporting stone to repair a highway, the employment being by the superintendent of streets, who is charged with the duty of keeping the streets in repair. *Barney v. City of Lowell*, 98 Mass. 570. An employe of the committee of public charity, an adjunct of the city government, charged with the duty of driving an ambulance wagon, and through whose negligent driving a person was struck and killed, has been held to be engaged in a public service, and hence the municipality could not be made liable under the doctrine of *respondeat superior*. *Maxmilian v. City of New York*, 62 N. Y. 160 (20 Am. Rep. 468).

So it has been held that a city cannot be made liable for the personal torts or wrongs committed by its police officers (*Calwell v. City of Boone*, 51 Iowa, 687); or its sanitary officers (*Ogg v. City of Lansing*, 35 Iowa, 495); or its firemen ( *Wilcox v. City of Chicago*, 107 Ill. 334 [47 Am. Rep. 434]; *Grube v. City of St. Paul*, 34 Minn. 402 [26 N. W. Rep. 228].) The general doctrine is that, unless the charter of the city, or some general statute of the state, impose a liability upon the city for the torts or wrongs of its officers and agents engaged in the execution of police powers or regulations, then no such liability exists. *Hafford v. City of New Bedford*, 16 Gray, 297; *Fisher v. City of Boston*, 104 Mass. 87 (6 Am. Rep. 196); Dillon, Municipal

Corporations (4th Ed.) sections 967, 974. Accepting such to be the rule, it follows that the court below committed no error in holding that the defendant could not be made liable for the negligent act of Foster, and accordingly in sustaining the demurrer to the petition.—AFFIRMED.

WEAVER, J., took no part.