JOHN P. LOONEY, Appellant, v. CITY OF SIOUX CITY, IOWA, Appellee.

Municipal corporations: OFFICERS: FAILURE OF DUTY: LIABILITY OF CITY. The duty of the superintendent of the police department of a city is a public service, or governmental function, in which he acts as a servant of the state; and his failure to require the usual bond of a police officer before assigning him to duty, is not an omission of duty for which the city is liable to a private person, unlawfully injured by the policeman in the discharge of his duty.

*Appeal from Woodbury District Court.*—HON. GEORGE JEPSON, Judge.

WEDNESDAY, FEBRUARY 11, 1914.

THIS is an action wherein the plaintiff seeks to recover damages from the defendant city for negligence in failing to have one Matt Carr, a policeman of said city, under bond on the 1st day of May, 1912, when plaintiff was shot and injured by the said police officer. The demurrer to the petition was sustained. Plaintiff appeals.—*Affirmed.*

*Andrew G. Lehr*, for appellant.

*Robert B. Pike* and *F. H. Schmidt*, for appellee.

PRESTON, J.—The plaintiff states in his petition that while under arrest of one Matt Carr, a policeman of the defendant city, he  was shot and severely injured by the said Carr, and that he recovered in the district court of Woodbury county a judgment against the said Carr of $4,000 for his injuries so sustained, and that he tried to enforce said judgment against said Carr, but that Carr had no property subject to execution, either at the time of the injury or any time thereafter, and that the city by practice and custom has fixed the amount of the bond required of its policemen at $2,000, and that the plaintiff is therefore damaged in the amount of $2,000 owing to the negligence of the defendant city in not having said Carr under bond at the time of said injury.

Carr was appointed policeman on the 22d day of April, 1912, and up to May 1, 1912, when he shot plaintiff, had not given bond.  A copy of a part of the ordinance on this subject is attached to the petition, under the title, "Bonds of City Officers," and is as follows:  "Sec. 2. The superintendents of the different departments are hereby authorized to require bonds from employees in their respective departments, not mentioned in section 1 hereof, and to fix the amount of said bonds, whenever they shall deem such action necessary.  Such bonds shall comply as to sureties with other bonds herein required and shall be approved by the city council."

The grounds of the demurrer are:

First. That the said city was acting in a governmental capacity, as the agent of the state, in enforcing the police regulations in said city, and for any wrongs committed by the agents or officers of said city in relation thereto it is not liable either directly or indirectly.  Second. That the requirements that a bond be furnished by police officers was a requirement imposed upon the officers of the city acting in a governmental

capacity, and that for the failure of any municipal officer to require such bond is the failure to exercise or perform a governmental duty, and not the breach of a municipal obligation for which a city may be liable.

The only authorities cited by appellant are: *Gray v. Griffin,* 111 Ga. 361; *Gibson v. Huntington,* 38 W. Va. 177 (18 S. E. 447, 22 L. R. A. 561, 45 Am. St. Rep, 853) ; Laws of Iowa, 34 General Assembly, chapter 54, section 2; Code, sections 1182, 1183. *Gray's* case was an action in which plaintiff attempted to hold the defendant city liable for wrongful imprisonment, and it was held that the city was exercising a governmental function and could not be held liable. That is appellee's contention in the case at bar. The *Gibson* case was an action brought for the alleged wrongful death of a child, caused by the falling of an embankment, which had been undermined by a person without the knowledge of the city. The city was held not liable, but on the ground that it did not have notice of the defect. In the opinion the court makes some general observations as to the rules by which a city is liable for injuries sustained by the negligent management of its corporate property, and for injuries caused by its negligence in the discharge of, or failure to discharge, such duties as are purely ministerial, and not governmental or discretionary. These rules are conceded by the defendant to be correct statements of the law. Chapter 54, Acts of 34 General Assembly, has reference to civil service examinations of fire and police officers before a commission, in cities under the commission form of government. It is not alleged in the petition in this case that the defendant city is under such form; but this is, perhaps, not material. The application of this act to this case is not stated by appellant, further than that he concedes the appointment of a policeman to be a governmental act; but, he asserts, that the requiring of a bond of such officer, by some other officer of the city (in this case, under section 2 of the ordinance, the superintendent of the department), is a ministerial act for which the city is liable. Sections 1182 and 1183 of the Code

are the requirements as to the officers giving bond. It may be observed here—though it has not been suggested in argu- ment—that section 1185 of the Code provides that the amount of the bond shall be in such a sum as the council, by ordinance, prescribes; while, under the ordinance, this is to be done by the superintendents of the departments. Again, section 1197 provides that it shall be a misdemeanor for an officer of whom a bond is required to act without giving the bond; and that he shall be liable to a fine for an amount not exceeding the amount of the bond required of him.

In this case neither the statute nor the ordinance of the city fixes the penalty of the bond; but, as stated, the petition alleges that "by practice and custom it has been fixed at $2,000." Plaintiff seems to rely on the ordinance rather 'than the state law. It may be further noticed that the ordinance seems not to be mandatory, but authorizes the superintendents of the different departments to require bonds "whenever they shall deem such action necessary." It is doubtful whether, under the allegations of the petition, there is any fact pleaded or showing that any bond was required of the policeman; but conceding, for the purpose of the argument, that it was, it is clear that it was not an administrative, but a governmental, act, and the failure to perform it does not make the defendant liable.

The defendant cites the following authorities: *Caldwell v. City of Boone,* 51 Iowa, 687; *Easterly v. Town of Irwin,* 99 Iowa, 694; *Lahner v. Town of Williams,* 112 Iowa, 428; *Ball v. Town of Woodbine,* 61 Iowa, 83; *Curran v. Boston,* 151 Mass. 505 (24 N. E. 781, 8 L. R. A. 243, 21 Am. St. Rep. 465); *Bart- lett v. Columbus,* 101 Ga. 300 (28 S. E. 599, 44 L. R. A. 795); Elliott on Mun. Corp. (2d Ed. 1910) section 318, page 323; 28 Cyc. 267-b, 268; *Ogg v. City of Lansing,* 35 Iowa, 495, 499; *Van Horn v. Des Moines,* 63 Iowa, 447. The last four cases are cited to sustain the proposition that the mere fact that the city takes a bond in these cases cannot in any respect increase the

liability of the city to the individual; it cannot be liable indirectly for what it is not directly liable.

It is well settled, and it is not contended otherwise by appellant, that an act, whether of omission or commission, of an officer or employee of a municipal corporation, done in the line of the performance of an official duty, public in character, does not make the municipality liable for the tort, or wrong-doing, of such officer or employee, while engaged as such, unless expressly authorized by statute or otherwise. The grounds of exemption from liability as stated in some of the cases are, substantially, that the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the public. In this case the policeman, Carr, was a public officer, and it is admitted by appellant that because of this the city would not be responsible directly for his act in shooting plaintiff. The requirement that such officer must give bond, if under the record in this case it is required, and the failure to do so, is but the act of another officer of the defendant corporation, and is but one of the steps to be taken in the appointment and qualification of such policeman. This duty of the superintendent of the police department is a public service, or governmental function, in which he acts as a servant of the state, and the city is not liable for a failure to perform it.

As bearing on this question and as sustaining our conclusion, we cite, without discussion, the following additional cases: *McFadden v. Town of Jewell,* 119 Iowa, 321; *Hall v. Concord,* 71 N. H. 367 (52 Atl. 864, 58 L. R. A. 455); *Hull v. Roxboro,* 142 N. C. 453 (55 S. E. 351, 12 L. R. A. (N. S.) 638); *Nicholson v. Detroit,* 129 Mich. 246 (88 N. W. 695, 56 L. R. A. 601); *Carty v. Winooski,* 78 Vt. 104 (62 Atl. 45, 2 L. R. A. (N. S.) 95, 6 Ann. Cas. 436); *Dudley v. Flemingsburg,* 115 Ky. 5 (72 S. W. 327, 60 L. R. A. 575, 103 Am. St. Rep. 253, 1 Ann. Cas. 958); *Evans v. Kankakee,* 231 Ill. 223

(83 N. E. 223, 13 L. R. A. (N. S.) 1190) ; *Kelley v. Boston,*
186 Mass. 165 (71 N. E. 299, 66 L. R. A. 429).

The court below ruled correctly upon the point presented,
and the judgment is *Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.