JULIA E. NORMAN, Administratrix, Appellant, v. CITY OF
CHARITON, Appellee.

**MUNICIPAL CORPORATIONS:** Governmental Powers and Functions—Nonliability for Negligence. The construction and maintenance by a municipal corporation of a public park constitute the exercise of a governmental function, and therefore the municipality is not liable for damages consequent on the negligence of its employees employed on such construction and maintenance. (See Book of Anno., Vol. 1, Sec. 5738, Anno. 11 *et seq.*)

Headnote 1:   28 Cyc. pp. 269, 1257, 1311.

*Appeal from Lucas District Court.*—F. M. HUNTER, Judge.

FEBRUARY 9, 1926.

ACTION against a city, to recover damages for the death of plaintiff's intestate. A demurrer to the petition was sustained, and plaintiff appeals.—*Affirmed.*

*Stuart & Stuart,* for appellant.

*J. W. Kridelbaugh,* for appellee.

VERMILION, J.—The petition alleged that plaintiff's intestate, while in the employ of the defendant city in charge of a grading machine belonging to the city, and engaged in work in a park belonging to the city, was struck and killed by a tractor engine belonging to, and being operated by an employee of, the city, as the motive power for the grading machine. It was alleged that the deceased was in the exercise of due care, and that his death was caused by the negligence of the employee operating the tractor; that such employee was incompetent; and that the city was guilty of negligence in employing him.

The demurrer raised the question that the work in which the alleged negligent employee was engaged, was being carried on by the city in its governmental capacity, and that it is not liable for the negligence of its servants engaged in the exercise of a governmental function.

There is no dispute about the general principles involved. It is conceded by appellant "that there is no liability on the part of the city for the negligence, misfeasance, or nonfeasance of its officers, agents, and employees in performing its governmental functions." The issue is limited to whether the construction and maintenance of a public park by a city are the exercise of a governmental or a ministerial function.

It is a matter of universal judicial recognition that a municipality possesses and may exercise two classes of powers. The one is governmental in character, where, generally speaking, it acts as a sovereign, in government and control of its inhabitants and in their interest generally. The other is proprietary, ministerial, and, we have said, quasi private, where it acts for the private advantage of the inhabitants of the city, and in some measure for the city itself. *Incorporated Town of Sibley v. Ocheyedan Elec. Co.,* 194 Iowa 950. We have also said that, while ordinarily the line of demarcation is not indistinct, it is sometimes a narrow one. *Hines v. City of Nevada,* 150 Iowa 620; *Miller Groc. Co. v. City of Des Moines,* 195 Iowa 1310.

The effect of the distinction, in respect to persons injured by the negligence of the municipality or its servants or officers,

is that, if the act resulting in injury was done in the exercise of a governmental function, no liability attaches, but if in the exercise of a function that is ministerial or proprietary, the doctrine of *respondeat superior* applies, and the municipality is liable, the same as any other employer.

Various considerations have been given importance in determining whether a particular act was an exercise of governmental or ministerial function, and not always with entire consistency.

That a municipal corporation is liable for an injury caused by a defect negligently permitted in its streets has long been the settled doctrine of this state. The liability has been predicated upon, or said to arise from, the power given by statute to improve the streets. *Rowell v. Williams,* 29 Iowa 210; *Collins v. City of Council Bluffs,* 32 Iowa 324.

It was held at an early day that, the city council having directed a public improvement, "the further prosecution of it is purely of a ministerial character," and that, "where the work is purely ministerial, the corporation is subject to the same rules which govern the individual." This was held in reference to a street improvement negligently constructed, to the damage of adjacent property. *Cotes & Patchin v. City of Davenport,* 9 Iowa 227. The rule so stated has been repeatedly applied to like work. *Ross v. City of Clinton,* 46 Iowa 606; *Hume v. City of Des Moines,* 146 Iowa 624. It has been held to authorize the recovery of damages for the negligent construction of a sewer; and it was held that, in constructing sewers and maintaining them in repair, a municipal corporation acts ministerially, and that, having authority to do the act, it is bound to the exercise of due care. *Hines v. City of Nevada,* supra.

In *McMahon v. City of Dubuque,* 107 Iowa 62, the city used its own steam roller to roll macadam laid in its streets by a contractor, and retained compensation for so doing. Damage was caused by the negligent emission of sparks from the engine, and it was said:

"In operating the steam roller, the city was acting peculiarly for the benefit of the municipality, and in a way to enable it to exact compensation from property owners within its limits. Its liability, similar to that of an individual if engaged in doing

the same work, is within the principle approved by the authorities generally.''

In *Ogg v. City of Lansing,* 35 Iowa 495, it was held that the powers conferred by statute to establish boards of health and prevent the spread of contagious diseases were of a legislative and governmental nature, for a defective execution of which the city could not be held liable.

In *Calwell v. City of Boone,* 51 Iowa 687, it was held that a city was not liable for wrongful acts of a police officer in making an arrest. It was said that the police regulations of a city were enforced in the interest of the public, not of the city in its corporate capacity. See, also, *Looney v. City of Sioux City,* 163 Iowa 604.

The same doctrine was applied to firemen who negligently used .fire-fighting apparatus belonging to the city. *Saunders v. City of Ft. Madison,* 111 Iowa 102; *Bradley v. City of Oskaloosa,* 193 Iowa 1072. In the *Bradley* case it was said that the city was under no obligation to maintain a fire department.

In *McFadden v. Town of Jewell,* 119 Iowa 321, where an employee of the city engaged in cutting weeds in an alley negligently injured a child, we held that the work was an exercise of the police power, and there was no liability. We quoted approvingly from *Hayes v. City of Oshkosh,* 33 Wis. 314, to the effect that, where the corporation is engaged in the performance of a public service in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed, in pursuance of a duty imposed by law for the general welfare of its inhabitants, no action will lie for negligence of those engaged in the work, in the absence of statute.

In *Miller Groc. Co. v. City of Des Moines,* supra, where injury resulted from water, escaping from city water mains through a defectively connected fire hydrant, a liability was enforced because the waterworks were used in a dual capacity, —for fire protection, which was a governmental function, and to distribute water to private uses, a proprietary or ministerial function; and in the exercise of the latter, the city was required to exercise due care, to prevent injury from escaping water.

The argument of counsel for appellant is predicated largely

upon the claimed analogy between the maintenance of public streets, where a liability on the part of the municipality for negligence is recognized, and the maintenance of a municipal park. Concerning this the Supreme Court of Kansas has well said:

"The necessities of public travel at all times and under all conditions presumably impelled the courts to make the exception regarding the maintenance of the highways in cities as we have noted. Like reasons do not seem to require the extension of the exception to the maintenance of parks; at least this has not been done in this state, and we do not feel that justice would be promoted by making the further exception." *Harper v. City of Topeka,* 92 Kan. 11 (139 Pac. 1018).

See, also, *Mayor of Nashville v. Burns,* 131 Tenn. 281 (174 S. W. 1111).

As has been said, the cases are not in all respects harmonious in the reasoning by which the results are reached. It is thus not in all cases a determining factor whether the city is under an imperative duty to do the thing in which it engages. 28 Cyc. 267 *et seq.,* and 1256 *et seq.* But, generally speaking, where the act is one from which the city as a municipality derives no peculiar advantage, pecuniary or otherwise, and which is for the benefit of its inhabitants generally, as distinguished from the corporation, it is clearly the exercise of a governmental function, and no liability is incurred for the negligence of its officers or servants in connection therewith.

The park was maintained and was being improved for the benefit and in the interests of the public, and not for any pecuniary or other benefit or advantage to the municipality as such.

While there are cases to the contrary, the conclusion that the construction or maintenance of a public park is the exercise of a governmental function on the part of a municipality, and that the city is under no liability for the negligence of its officers or employees engaged in such work, has the support of the weight of authority generally. *Nemet v. City of Kenosha,* 169 Wis. 379 (172 N. W. 711); *Kellar v. City of Los Angeles,* 179 Cal. 605 (178 Pac. 505); *Nelson v. City of Spokane,* 104 Wash. 219 (176 Pac. 149); *Board of Park Commissioner v. Prinz,* 127 Ky. 460 (105 S. W. 948); *Cornelisen v. City of Atlanta,* 146

Ga. 416 (91 S. E. 415); *Steele v. City of Boston,* 128 Mass. 583; *Russell v. City of Tacoma,* 8 Wash. 156 (35 Pac. 605); *Harper v. City of Topeka,* supra; *Mayor of Nashville v. Burns,* supra; *Bisbing v. Asbury Park,* 80 N. J. Law 416 (78 Atl. 196, 33 L. R. A. [N. S.] 523, and note in the last named publication).

It follows that the demurrer was properly sustained, and the judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.