WILLIAM J. MOCHA, Administrator, Appellant, v. CITY OF CEDAR RAPIDS, Appellee.

**MUNICIPAL CORPORATIONS: Governmental Functions—Bathing Beaches.** The construction and operation by a city of a bathing beach is the exercise of a governmental function, and the city is not liable in damages for negligence in such construction and operation; and the charging of a nominal fee for the use of the beach does not change the rule.

Headnote 1: 28 Cyc. p. 1305.

Headnote 1: 19 R. C. L. 1129.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

JULY 1, 1927.

Action against the city of Cedar Rapids for negligence in the construction and operation of a bathing beach, resulting in the death of plaintiff's intestate, while bathing there. Judgment was rendered on a directed verdict in favor of the defendant. Plaintiff appeals.—*Affirmed.*

*Johnson, Donnelly & Lynch* and *L. D. Dennis,* for appellant.

*Charles Penningroth* and *George E. Farmer,* for appellee.

MORLING, J.—The trial court ruled that the city, in establishing and maintaining the bathing beach, was acting in a governmental, and not in its corporate or proprietary, capacity, and was, therefore, not liable for the negligence of its officers or employees occurring therein. The correctness of this ruling is the only question for review here.

The distinction between those functions of a municipality which are governmental in their nature and those which are corporate or proprietary has been so fully considered in recent cases as to render further discussion superfluous. *Hensley v.*

*Incorporated Town of Gowrie,* 203 Iowa 388; *Rowley v. City of Cedar Rapids,* 203 Iowa 1245; *Harris v. City of Des Moines,* 202 Iowa 53; *Norman v. City of Chariton,* 201 Iowa 279; *First Nat. Bank v. City of Emmetsburg,* 157 Iowa 555; *Bradley v. City of Oskaloosa,* 193 Iowa 1072; *Incorporated Town of Sibley v. Ocheyedan Elec. Co.,* 194 Iowa 950; *Hilgers v. Woodbury County,* 200 Iowa 1318.

Ellis Park in Cedar Rapids borders on the Cedar River. By Section 6606, Code of 1924, the defendant's council is given "the power to establish, in and in connection with the parks, swimming pools, bathing beaches, bathhouses, armories, ice rinks, dance pavilions, shelter houses, wading pools, and river walls, and to pave, macadamize, and otherwise improve the roadways, drives, avenues, and walks in and through such parks." Section 6607 authorizes the council to collect a millage tax for such purpose. Pursuant to this authority, the city established a bathing beach in Ellis Park, constructed a bathhouse, with lockers, and invited the patronage of the public. A fee of 10 cents was charged for the use of the bathhouse locker and towel, as well (as is claimed) as for the use of the beach. Plaintiff's intestate, a boy 12 years of age, paid the 10 cents fee, went into the water, stepped into a hole, and lost his life. Plaintiff charges negligence in various particulars not necessary to enumerate.

It is not shown, and we cannot presume, that the nominal charge of 10 cents for the use of bathhouse, locker, and towel, as well as for the use of the beach, was for the purpose of or resulted in any profit to the city, or that the establishment and maintenance of the beach constituted a business undertaking. *Bolster v. City of Lawrence,* 225 Mass. 387 (114 N. E. 722); *Kellar v. City of Los Angeles,* 179 Cal. 605 (178 Pac. 505). A bathing beach is a general public benefit. Its maintenance is in the interest of all. It affords the public, especially the young, the means of healthy recreation and athletic exercise. It is not of the nature of a corporate or business undertaking for the corporate benefit, or in the corporate interest. In the maintenance of the bathing beach, the city or its officers were rendering a public service and performing one of the functions of government. We think the statute indicates that the grant of power

under review is public, general, and governmental, and that the case is ruled by our decisions just cited.

Plaintiff contends that, where a city undertakes to construct public works, it assumes the performance of a ministerial function, in which it is bound to exercise reasonable care, and is chargeable with negligence if it does not (citing *Hines v. City of Nevada*, 150 Iowa 620; *Miller Groc. Co. v. City of Des Moines*, 195 Iowa 1310). Both of these cases involved corporate undertakings: the one, sewers, the other, waterworks. It was decided that the city could not be held "for its act or failure to act in the initiation of such an undertaking," but that, when it actually entered on the prosecution of the work, it assumed the duty of exercising reasonable care. That doctrine, however, has no application to the case of an enterprise which is for the general good, governmental, and not corporate or proprietary. Cases above cited; *Scibilia v. Philadelphia*, 279 Pa. St. 549 (124 Atl. 273, 32 A. L. R. 981). Since the establishment and maintenance of the bathing beach by defendant constituted a public or governmental function, the city officials or employees were therein engaged in the performance of such function, exercising governmental duties,—duties delegated to and to be performed by them in behalf of the public, and not in prosecution of merely corporate business. The doctrine of *respondeat superior*, therefore, has no application, and the city is not responsible for their negligence. Plaintiff cites us to the opinions of other courts, reaching a different conclusion, of which *Norberg v. Hagna*, 46 S. D. 568 (195 N. W. 438), is typical. We are not disposed to depart from the rule which we have heretofore adopted, and which we think is correct in principle and in the interest of sound public policy. See, further, *Jones v. City of Atlanta*, 35 Ga. App. 376 (133 S. E. 521); *Alder v. Salt Lake City*, 64 Utah 568 (231 Pac. 1102); *Gensch v. City of Milwaukee*, 179 Wis. 95 (190 N. W. 843); *Scibilia v. Philadelphia*, 279 Pa. St. 549 (124 Atl. 273, 32 A. L. R. 981); *Bolster v. City of Lawrence*, 225 Mass. 387 (114 N. E. 722).

The case was correctly ruled by the trial court, and the judgment is—*Affirmed.*

All the justices concur.