ETHEL LAUXMAN, Appellee, v. CORTLAND E. TISHER et al., Appellants.

No. 40509.

DECEMBER 16, 1931.

Lynn S. Alberti and Kimball, Peterson, Smith & Peterson, for appellants.

Roy W. Smith and A. G. Kistle, for appellee.

STEVENS, J.—The appellant Tisher, a police officer of the appellant city, and another officer, while engaged in conveying two prisoners to the city jail, ran into an automobile driven by Avery Jones, with whom appellee was riding, near the intersection of Main and Story Streets in said city, inflicting the injuries of which she complains. The collision occurred sometime after one o'clock A. M. on the night of September 30, 1928. The street was free from traffic or other obstructions at the place and in the vicinity of the collision. The police car was equipped with a horn and siren.

The negligence charged is the failure of the driver of the police car to sound the horn or siren as it approached the intersection of Main Street, on which the police car was proceeding north, with Story Street, and the operation thereof at an excessive and dangerous rate of speed and in a careless and negligent manner. A further ground of negligence was withdrawn from the jury and need not be here considered. At the conclusion of the evidence of plaintiff and again at the close of all of the evidence, appellants moved the court for a directed verdict.

One of the grounds of the motion was that the city, in providing and maintaining a police department, acts in a strictly governmental capacity, and is not liable for damages caused by the negligence or nonfeasance of its officers. The motion was both joint and severable: that is, both defendants and each separately moved for a directed verdict.

Appellee in argument severely criticizes the various assignments of appellant of the propositions relied upon for reversal. It must be confessed that several of the assignments are clearly insufficient. We are of the opinion, however, that the

third proposition relied upon, which assigns as error the over-ruling by the court of the motions for a directed verdict on the ground that the appellant city, while acting in its governmental capacity, is not liable for the negligence of its officers, is sufficient.

It is a well established rule, recognized by courts generally, that municipalities exercise dual functions or powers, and that, in the exercise of the one wherein the power is delegated by the sovereign to preserve the peace and to protect persons and property, they act in a governmental capacity. Police officers, while engaged in conveying prisoners from the point of arrest to the city jail, act for the municipality in its governmental capacity. Leckliter v. City of Des Moines, 211 Iowa 251; Rowley v. City of Cedar Rapids, 203 Iowa 1245; McFadden v. Jewell, 119 Iowa 321; Looney v. City of Sioux City, 163 Iowa 604; Bradley v. City of Oskaloosa, 193 Iowa 1072; Norman v. City of Chariton, 201 Iowa, 279; Harris v. City of Des Moines, 202 Iowa 53; Mocha v. City of Cedar Rapids, 204 Iowa 51.

It is obvious from the foregoing authorities without further discussion that the appellant city is not liable and that its motion for a directed verdict should have been sustained. The motion should have also been sustained upon one other ground in favor of both appellants.

According to the testimony of appellee and also of her companion who was driving the automobile in which she was riding, both of them saw the police car, which was equipped with bright headlights, approaching from the south, when it was a block and a half away. Appellee was proceeding southward on Pearl Street, and, when Story Street was reached, the driver turned the car to the left to go east, and was struck by the police car on the east side of the street. The street between curbs at the point of the collision was more than eighty feet in width. The court submitted to the jury as one of the grounds of negligence the failure of the driver of the police car to sound a warning of the approach of the police car by sounding the horn or the siren, and in the instruction submitting such issue told the jury that such failure on the part of the driver, if in the exercise of ordinary prudence and caution such warning

should have been given, would be negligence. Section 5040, Code of 1927, requires that:

"Every motor vehicle shall be equipped with a suitable bell, horn, or other signaling device producing an abrupt sound sufficiently loud to serve as an adequate warning of danger."

The submission of this issue to the jury is challenged by appellant upon the ground that both the appellee and the driver of the car in which she was riding testified that they saw the police car approaching from the south when it was a block and a half away, and that the giving of a warning would have availed them nothing. Certainly this is true. They were already apprised of the presence and approach of the police car while they were in a place of perfect safety. They were, therefore, in a position to adopt such course as was best designed to prevent a collision, with the consequent injury. It cannot in such circumstances be said that the failure of the driver of the car to sound the horn was in any respect the proximate cause of the injury. Ryan v. Trenkle, 203 Iowa 443; Wilkinson v. Queal Lbr. Co., 203 Iowa 476. The issue, therefore, should not have been submitted.

Appellant has with the same severity assailed the sufficiency of the proposition assigned at this point, and argues with considerable vigor that both the assignment and exceptions preserved to the instruction are insufficient to present a question for review by this court. We are of the opinion, however, that the assignment, although it might well have been made more full and specific, is sufficient to apprise the court and counsel of the ruling relied upon for reversal and also of the reasons upon which the claim of error is predicated. The exceptions to the instructions were sufficient to raise the point.

Other questions argued by counsel need not be considered. For the reasons already stated, the judgment of the district court must be and it is reversed.—Reversed.

FAVILLE, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.