HERMAN F. HAGEDORN, Appellant, v. NICK SCHRUM et al., Appellees.

No. 44494.

FEBRUARY 7, 1939.

Collins & Collins, Finerty, Robertson & Cherniss, and H. L. Robertson, for appellant.

P. H. Jones and F. H. Cooney, for appellees.

MITCHELL, C. J.—There is no dispute as to the facts in this case. They all appear in the plaintiff's petition.

Plaintiff alleged that he is a resident and citizen of the town of Manning, Iowa; that Nick Schrum at the times hereinafter referred to was a marshal and peace officer of the said town; that Manning is one of the duly organized and existing municipal corporations of the State of Iowa, located in Carroll county; in conducting and carrying on the town's business it has duly elected officers; that it purchased and delivered to Nick Schrum, its marshal, a tear gas gun for the purpose of aiding the said Nick Schrum in making or attempting to make arrests in the limits of the town of Manning, Iowa. We quote from the petition:

"And the said town of Manning, Iowa, intending when it purchased said gun that its said marshal should, use the same against such persons as said Nick Schrum, as marshal, saw fit to use the same. And that on or about May 5th, 1936, the said Nick Schrum, as marshal of the defendant town of Manning, Iowa, without any reason or probable cause therefor and willfully and unlawfully, wrongfully and maliciously made an assault upon this plaintiff and shot and injured the plaintiff with said gun upon his head and around the eyes and in the face, by shooting him with said gun, and thereby seriously and permanently injuring and disfiguring the plaintiff's head and face."

It is alleged that it was not necessary for Nick Schrum to shoot the plaintiff, and as a direct and proximate result thereof the plaintiff suffered damage in the amount of $10,000.

To this petition there were filed two separate demurrers, one on the part of the town of Manning, and one on the part of its marshal, Nick Schrum. The demurrer of the defendant Schrum was overruled; the demurrer of the town of Manning was sustained.

The appellant has seen fit to stand upon the ruling on that demurrer, and judgment was entered against him for the costs. He has appealed.

The petition states that Nick Schrum as marshal shot the appellant with a tear gas gun. This is a plain allegation that what he did was done as such officer and that it was done in carrying out the duties of his office. The attempt to hold the city

is based upon what Nick Schrum, its police officer, did, and that the town furnished to its police officer the weapon with which the alleged unlawful act that caused the injury was performed.

The law of Iowa is well settled that a law-enforcing officer, whose office is created by the statute of the State, and whose duties are prescribed by statute, is an agent of the public in general and is not the agent of the municipality, even tho he is chosen by the municipality and is paid by it. Since such an officer is not the agent or the servant of the town, the municipality is not liable for his unlawful or negligent acts.

Early in the history of this State this proposition came before this court. In the case of Calwell v. The City of Boone, 51 Iowa 687, 2 N. W. 614, 33 Am. Rep. 154, this court said at page 688, 2 N. W. at page 615:

"The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city is not liable, therefore, for the acts of its officers in attempting to enforce such regulations. The question involved in this case arose in Buttrick v. City of Lowell, 1 Allen, [Mass.] 172, [79 Am. Dec. 721]. Bigelow, C. J., said: 'Police officers can in no sense be regarded as the agents or servants of the city. Their duties are of a public nature. Their appointment is devolved on cities and towns by the Legislature, as a convenient mode of exercising a function of government; but this does not render them liable for their unlawful or negligent acts;' following Hafford v. City of New Bedford, 16 Gray [Mass.], 297. The same doctrine was held in [President, etc., of] Town of Odell v. Schroeder, 58 Ill. 353."

In Easterly v. Town of Irwin, 99 Iowa 694, 68 N. W. 919, the late Justice Deemer, speaking for this court, at page 696, 68 N. W. at page 920, said:

"The demurrer to the petition was based upon the ground that defendant was not liable for the acts of its officers in attempting to enforce its police regulations. It may be conceded that the arrest and imprisonment of the plaintiff was, under the allegations of his petition, unlawful, for the reason that plaintiff was not a transient merchant; and for the further reason that the ordinance was void in so far as it authorized the mayor to fix the amount of the license, under the authority of Town of State Center v. Barenstein, 66 Iowa 249, [23 N. W. Rep. 652].

But the question remains, is the defendant responsible for the acts of its officers in such cases. The rule of law seems to be well settled that a city or town is not liable for the acts of its officers in attempting to enforce its police regulations, for the reason that in such matters the officers can in no sense be regarded as the agents or servants of the city. Their duties are of a public nature; and their appointment by the city is simply a convenient mode of exercising governmental functions. In the matter of enforcing its police regulations the city acts as an agent of the state in the discharge of duties imposed by law for the promotion and preservation of the public good, and not as a mere private corporation in the management of its corporate concerns. Calwell v. City of Boone, 51 Iowa 687, 2 N. W. 614 [33 Am. Rep. 154]; Ogg v. Lansing, 35 Iowa 495 [14 Am. Sep. 499].''

In McFadden v. Town of Jewell, 119 Iowa 321, 93 N. W. 302, 60 L. R. A. 401, 97 Am. St. Rep. 321, this court said at page 323, 93 N. W. at page 302:

''It is well settled that where an act done by an officer or employe of a municipal corporation is essentially in the line of the performance of an official duty, public in character, the municipality cannot be made liable for a tort committed or wrong done by such officer or employe while engaged as such in the performance of the duty in question. That acts done in the execution of police powers and in the enforcement of police regulations are in the nature of the performance of a service for the benefit of the general public cannot well be questioned. In this connection it has been held that: 'The grounds of exemption from liability are that the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community; that the members of the fire department, although appointed by the city corporation, are not, when acting in the discharge of their duties, servants or agents in the employment of the city, for whose conduct the city can be held liable, but they act rather as public officers, or officers of the city charged with a public service, for whose negligence or misconduct in the discharge of official duty no action will lie against the city, unless expressly given; and

hence the doctrine of *respondeat superior* has no application.' Hayes v. City of Oshkosh, 33 Wis. 314 [14 Am. Rep. 760].''

This court in the case of Leckliter v. City of Des Moines, 211 Iowa 251, at page 257, 233 N. W. 58, at page 60, said:

''As was said in 1 Dillon on Municipal Corporations (5th Ed.), Section 109:

'' 'In *its governmental or public character,* the corporation is made, by the state, one of its instruments, or the local depositary of certain limited and prescribed political powers, to be exercised for the public good on behalf of the state, rather than for itself.'

''It will not be questioned but that, in establishing and maintaining a police department in a city, such city is acting for the public good, on behalf of the state, rather than for itself. The legislature clothed the city with power to maintain such an organization as a convenient method of exercising a function of government. By this means the state intends to establish and maintain peace, security, health, and the general welfare.

''It is well established in this state that a municipal corporation is not ordinarily liable for the torts of a police officer while in the enforcement of police regulations. Calwell v. City of Boone, 51 Iowa 687, 2 N. W. 614; Easterly v. Incorporated Town of Irwin, 99 Iowa 694, 68 N. W. 919; Lahner v. Incorporated Town of Williams, 112 Iowa 428, 84 N. W. 507; Looney v. City of Sioux City, 163 Iowa 604, 145 N. W. 287, 51 L. R. A. (N. S.) 546. See, also, Norman v. City of Chariton, 201 Iowa 279, 207 N. W. 134; Harris v. City of Des Moines, 202 Iowa 53, 209 N. W. 454, 46 A. L. R. 1429.''

We find the following, in the recent case of Lauxman v. Tisher, 213 Iowa 654, at page 656, 239 N. W. 675:

''It is a well established rule, recognized by courts generally, that municipalities exercise dual functions or powers, and that, in the exercise of the one wherein the power is delegated by the sovereign to preserve the peace and to protect persons and property, they act in a governmental capacity. Police officers, while engaged in conveying prisoners from the point of arrest to the city jail, act for the municipality in its governmental capacity. Leckliter v. City of Des Moines, 211 Iowa 251,

233 N. W. 58; Rowley v. City of Cedar Rapids, 203 Iowa 1245, 212 N. W. 158, 53 A. L. R. 375; McFadden v. Jewell, 119 Iowa 321, 93 N. W. 302, 60 L. R. A. 401, 97 Am. St. Rep. 321; Looney v. City of Sioux City, 163 Iowa 604, 145 N. W. 287, 51 L. R. A. (N. S.) 546; Bradley v. City of Oskaloosa, 193 Iowa 1072, 188 N. W. 896; Norman v. City of Chariton, 201 Iowa 279, 207 N. W. 134; Harris v. City of Des Moines, 202 Iowa 53, 209 N. W. 454, 46 A. L. R. 1429; Mocha v. City of Cedar Rapids, 204 Iowa 51, 214 N. W. 587.''

The rule of these cases is so broad and comprehensive that there seems little room for discussion. There has been no attempt made on the part of the appellant to show the rule inapplicable or to avoid its force. There is no claim in the petition that the city did anything but furnish to its police officer a tear gas gun. Neither is it claimed that this is an unusually, or extraordinarily, dangerous weapon for a police officer to carry. The writer of this opinion is frank to say that he is not familiar with this kind of a weapon. In order that an officer may perform his duty, in the enforcement of the law, in the meeting and handling of men who violate the law, the necessity of having the officer armed is evident.

It necessarily follows that the lower court was right in sustaining the demurrer, and the judgment must be, and it is hereby, affirmed.—Affirmed.

All JUSTICES concur.