Ronald John STRONG, a minor by Lawrence Strong, his father and next friend, and Lawrence Strong, Individually, Appellants,

v.

The TOWN OF LANSING, Iowa, and Daniel Wellendorf, Appellees.

No. 53904.

Supreme Court of Iowa.

Sept. 2, 1970.

Sheridan, Sheridan & Mellick, Ltd., Waukon, for appellants.

Jacobson, Bristol & Thomson, and Hart & Hart, Waukon, for appellees.

MOORE, Chief Justice.

Plaintiff minor and his father seek damages from defendant town and its police officer, defendant Wellendorf, allegedly resulting from Wellendorf's assault and unlawful arrest and detention of the minor on March 23, 1969. The trial court sustained the town's motion to dismiss plaintiffs' petition as to all three divisions thereof on the ground of governmental immunity and plaintiffs have appealed. We reverse.

In addition to the allegations the offenses complained of were committed while Wellendorf was acting as a police officer for the town, plaintiffs' petition also alleges the town was aware or should have been aware of his violent disposition and incompetency and failed to discharge its duty to hire competent police officers.

Plaintiffs' sole assigned error is: "The lower court erred in holding that members of the police department are not agents and servants of the city, and thereby holding the town immune against liability for torts committed by police officers."

I. The lower court's order holding the town not a proper party defendant is based on cited older cases of this court containing statements that a city or town's police officers are not agents thereof which would make the city or town liable for wrongs committed by them in discharge of their governmental duties. These earlier cases which applied the doctrine of governmental immunity are analyzed in Hagedorn v. Schrum, 226 Iowa 128, 130–135, 283 N.W. 876, 877–879. See also 11 Drake Law Review, 79, 97. They are no longer applicable in view of rather recent statutory abrogation of the doctrine of governmental immunity which we shall discuss infra.

II. In Boyer v. Iowa High School Athletic Assn., 256 Iowa 337, 127 N.W.2d 606 (1964), we recognized the ancient judicial origin of the doctrine of governmental immunity and that it should be re-examined but by a closely split decision held any change of the doctrine should be made by the legislature, not by the court.

After Boyer the legislature at its next session enacted the "State Tort Claims Act", chapter 79, Acts of the Sixty-First General Assembly (now chapter 25A, Code, 1966). A test case thereof, Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626 (1966), by declaratory judgment action, resulted in our holding the Act constitutional and valid.

The many issues presented in Graham included a contention the Act covered the torts of the officers and employees of the political subdivisions of the state. In disagreeing with this contention at page 854, 259 Iowa, page 633, 146 N.W.2d, we say: "We are satisfied political subdivisions such as cities, school districts and counties are *neither agencies of the state nor corporations as those terms are employed and defined in the Act*, and are not included within its clear intent and purpose.

"Surely the officers, agents and employees of political subdivisions are not officers, agents and employees of the state while acting within the scope of their office or employment."

Within a few months after the Graham opinion the legislature enacted "Tort Liability of Governments", chapter 405, Acts of the Sixty-Second General Assembly (now designated as chapter 613A I.C.A.) which was made effective January 1, 1968.

As pertinent here this Act provides: "Section 1. As used in this Act, the following terms shall have the following meanings:

"1. 'Municipality' means city, town, county, township, school district, and any other unit of local government.

"2. 'Governing body' means the council of a city or town, county board of supervisors, board of township trustees, local school board, and other boards and commissions exercising quasi-legislative, quasi-

executive, and quasi-judicial power over territory comprising a municipality.

"3. 'Tort' means every civil wrong which results in wrongful death or injury to person or injury to property and includes but is not restricted to actions based upon negligence, breach of duty, and nuisance.

"Sec. 2. Except as otherwise provided in this Act, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function." Section 4 enumerates four exceptions which have no application to the facts alleged in plaintiffs' petition.

III. The following general legal principles are set out and supported by citations of many authorities in Graham v. Worthington, supra, 259 Iowa 845, 146 N.W.2d 626, and need only be summarily stated here. The legislature may enact any law desired provided it is not clearly prohibited by some provision of the Federal or State Constitution. The legislature may be its own lexicographer. The judicial branch of the government has no power to determine whether legislative Acts are wise or unwise. The legislators may by clear language waive the common law governmental immunity doctrine.

IV. No constitutional attack is made here against the provisions of chapter 613A, I.C.A. As in chapter 25A, Code, 1966, where the legislature clearly waived governmental immunity as to the state, the Sixty-Second General Assembly expressly waived that doctrine as to political subdivisions (Chapter 613A, I.C.A.). The definition of "Municipality" without question includes defendant town. The definition of "Tort" includes the acts of which plaintiffs complain in their petition.

Section 2 of the Act (613A.2 I.C.A.) clearly provides liability of every municipality for its torts and those of its officers,

employees, and agents acting within the scope of their employment or duties which arise out of a governmental or proprietary function. Iseminger v. Black Hawk County, Iowa, 175 N.W.2d 374, 378; Larsen v. Pottawattamie County, Iowa, 173 N.W.2d 579, 581.

Plaintiffs' petition sufficiently alleges a cause of action against defendant town. The lower court erred in sustaining the town's motion to dismiss. This cause must therefore be remanded to the lower court for an order overruling the town's motion to dismiss and for further proceedings.

Reversed and remanded.

All Justices concur.