## SAMUEL P. BUTTRICK *vs.* CITY OF LOWELL.

A city is not liable for an assault and battery committed by its police officers, even though it was done in an attempt to enforce an ordinance of the city.

The action of a city in authorizing and employing its solicitor to appear and defend an action brought against its police officers for an assault and battery committed by them, does not make the city liable to pay damages for the assault and battery.

TORT for an assault and battery. In the superior court the following facts were agreed, so far as the same would be competent evidence: Elias H. Colburn and William R. Stacy were watchmen and police officers of the city of Lowell, with all powers of constables except that of serving civil precepts; and at or about sunset one evening in October 1855, while the plaintiff was standing peaceably, and talking with only one other person, upon the sidewalk, and interrupting no one in the proper use of the same, they ordered him off, and upon his refusing to go, assaulted, arrested and imprisoned him, claiming that, by so doing, they were only performing their official duty  The plaintiff thereupon brought an action of tort against them for false arrest and assault and battery, and recovered judgment for the sum of five hundred dollars damages and costs of suit, which judgment has not been satisfied in any part; and the city of Lowell authorized its solicitor to appear in the defence of the case, and paid him for trying the same. The city solicitor afterwards, in obedience to a city ordinance, made a report of all cases in which the city was a party or interested, which report was accepted by the city council of Lowell and placed on the files in the city clerk's office; and his report contains the following statement in relation to the action of the plaintiff against the watchmen:

" Samuel P. Buttrick *v.* City of Lowell. This action was entered December term 1855 by Butler & Webster, Esquires, and was to recover damages for an alleged trespass in removing the plaintiff from the sidewalk on Merrimack Street and imprisoning him. The removal of the plaintiff from the sidewalk and

the imprisonment were justified by the defendants in their de-
fence under the city ordinance which provides, that ' three or
more persons shall not stand together or near each other in any
street in the city in such manner as to obstruct a free passage
therein for passengers.'

" The cause came to trial in March last; and, although the
evidence tended to show that the plaintiff was in the first in
stance in fault in refusing to move along, as requested by
one of the officers, it was proved that one of the defendants
used violence in imprisoning the plaintiff, and therefore the jury
returned a verdict for the plaintiff, of $500."

It was admitted that the defence stated in this report was the
defence made by the defendants in that action, and that they
did so claim as their justification at the time of the arrest as
well as at the trial, provided the same could be properly admit-
ted in evidence.

Upon these facts a nonsuit was ordered, and the plaintiff ap-
pealed.

*B. F. Butler*, for the plaintiff. The rule regulating the liabil-
ity of a municipal corporation seems to be this : (1.) no liability
exists for the negligence of public officers over whom it has no
control save in their appointment; (2.) liability does exist, under
the doctrine of *respondeat superior*, in all cases in which the ser-
vant is in the direct execution of a trust or order of the city or
town, within the scope of its authority, or upon any matter upon
which it may make by-laws. *Cushing* v. *Stoughton*, 6 Cush.
389. *Thayer* v. *Boston*, 19 Pick. 511. *Perry* v. *Worcester*, 6
Gray, 544.

*T. H. Sweetser*, for the defendant.

BIGELOW, C. J. This case must be governed by the decisions
in *Hafford* v. *City of New Bedford*, 16 Gray, , and *Walcott* v.
*Swampscott*, ante, 101. Police officers can in no sense be re-
garded as agents or servants of the city. Their duties are of a
public nature. Their appointment is devolved on cities and
towns by the legislature as a convenient mode of exercising a
function of government; but this does not render them liable
for their unlawful or negligent acts. The detection and arrest

15 *

of offenders, the preservation of the public peace, the enforcement of the laws, and other similar powers and duties with which police officers and constables are intrusted, are derived from the law, and not from the city or town under which they hold their appointment. For the mode in which they exercise their powers and duties the city or town cannot be held liable.

Nor does it make any difference that the acts complained of were done in an attempt to enforce an ordinance or by-law of the city. The authority to enact by-laws is delegated to the city by the sovereign power, and the exercise of the authority gives to such enactments the same force and effect as if they had been passed directly by the legislature. They are public laws of a local and limited operation, designed to secure good order and to provide for the welfare and comfort of the inhabitants. In their enforcement, therefore, police officers act in their public capacity, and not as the agents or servants of the city.

The facts relied on in this case to show a ratification or adoption by the city of the acts of the police officers cannot have that effect. They are entirely consistent with a belief on the part of the mayor and other agents of the city that the police officers had committed no unlawful invasion of the plaintiff's rights. *Perley* v. *Georgetown*, 7 Gray, 464.

It may be added that, if the plaintiff could maintain his position that police officers are so far agents or servants of the city that the maxim *respondeat superior* would be applicable to their acts, it is clear that the facts agreed would not render the city liable in this action; because it plainly appears that, in committing the acts complained of, the officers exceeded the authority vested in them by the by-law of the city.

*Judgment for the defendants.*