PHŒNIX MUTUAL LIFE INSURANCE COMPANY, APPELLEE,
v. CITY OF LINCOLN, APPELLANT.

FILED OCTOBER 22, 1910. No. 16,498.

Parties. When the determination of a controversy cannot be had
without the presence of new parties to the suit, the code directs
the court to order them to be brought in. Code, sec. 46.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Reversed.*

*C. C. Flansburg* and *L. A. Flansburg,* for appellant.

*S. J. Tuttle, contra.*

PER CURIAM.

In rendering the judgment from which this appeal is
taken, the district court held that the city of Lincoln is
liable to plaintiff as the owner of real estate damaged by
the construction of a viaduct on Tenth street over inter-
secting railroad tracks owned by three railway systems—
the Chicago, Burlington & Quincy Railway Company, the
Chicago & Northwestern Railway Company and the Mis-
souri Pacific Railway Company. The record discloses
these facts: The electors of the city decided by ballot at
an election duly called that the viaduct was necessary for
the public safety. Afterward by ordinance the railway
companies were ordered to construct the viaduct and ap-
proaches, but refused to do so. To coerce them into the
performance of that duty the city applied to the district
court for a writ of mandamus. While the action was
pending, the parties thereto entered into a stipulation
binding the city to appraise the damages to abutting prop-
erty and obligating the railway companies to begin the
work of construction upon the city's obtaining an award of
appraisers. With a view to carrying out the terms of the
agreement thus made, the city passed an ordinance pro-

viding for the ascertainment of damages, and pursuant thereto appointed a committee of three members of the city council to make the appraisement. By publication the committee gave the abutting property owners and the railroad companies notice of the time and place of the meeting to perform their duties. The claim filed by plaintiff with the city clerk, omitting the verification, is as follows: "Before the Mayor and Common Council of the City of Lincoln, Lancaster County, Nebraska. In the Matter of Claim for Damages by the Phœnix Mutual Life Insurance Company. And now comes the Phœnix Mutual Life Insurance Company, a nonresident corporation, and shows that it is the owner in fact of record of lots numbered 10 and 11, in block numbered 9, in North Lincoln, an addition to the city of Lincoln, and a part thereof; and that said lots are reasonably worth $6,000. And said claimant further shows that, by the building of the contemplated viaduct on Tenth street in said city, said lots will be damaged to the extent of one-half of the value thereof, that is to say, $3,000; and the claimant aforesaid therefore claims damages in the sum of $3,000."

The damages sustained by plaintiff were fixed by the appraisers at $500, and from the appraisement in that sum it appealed to the district court. Though the claim on its face purports to present only a question as to the amount of plaintiff's damages, plaintiff and the city, on appeal, stipulated the sum to be $500, and submitted to the district court the question of the city's liability for the payment thereof. The city was held liable, and judgment was rendered against it for $500. It is from this judgment that the city has appealed to this court.

The city now argues that, on the undisputed facts disclosed by the record, both the common law and the city charter impose upon the railroad companies liability for the damages to plaintiff's property; that the city has not assumed any part of such liability either by contract or ordinance or by participation in the proceedings to appraise the damages. Plaintiff controverts these proposi-

tions, but suggests that in any event the city is liable in the first instance, and that liability on part of the railroad companies, if any exists, obligates them to respond to the city. The railroad companies are not parties of record, and in their absence it should not be held that they are liable to plaintiff or to the city of Lincoln for damages resulting from the construction of the viaduct. When these questions were submitted to the district court, if properly presented by the record for determination, it was its duty under section 46 of the code to order the railroad companies to be brought in. That section declares: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

For failure to bring in necessary parties in compliance with the directions of this statute, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.