JAMES L. THOMPSON, APPELLEE, V. CITY OF ALBION, APPELLANT.

FILED FEBRUARY 1, 1927.   No. 24606.

Municipal Corporations: INJURY TO FIREMAN: LIABILITY. A municipal corporation exercising grants of sovereign power is not liable at common law for the negligent acts of its fire department, and this rule of law applies to negligence of and injuries to members of a city fire department and to members of a volunteer fire department.

APPEAL from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. Reversed and dismissed.

*Williams & Williams* and *W. J. Donahue*, for appellant.
*Vail & Flory*, contra.

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

Rose, J.

This is an action at law to recover $25,000 in damages for personal injuries caused by negligence of the city of Albion, defendant. Plaintiff was a member of its volunteer fire department. Responding to a fire alarm October 9, 1922, he assisted in vertically hoisting the door to the fire apparatus, intending to enter the building in which it was housed. While in the open doorway, the door broke loose from cables on which it was suspended above by heavy weights and struck him below his left knee, resulting in subsequent amputation. The cables ran in concealed perpendicular slots in the walls and were negligently constructed and maintained. Plaintiff was, without knowledge of their dangerous condition. The fire apparatus was stored in a room in the city hall. Though the room and the fire apparatus were under the control of the volunteer fire department, they belonged to the city and were instrumentalities of the municipal government. When injured, plaintiff was at work incidental to the operation of the fire department pursuant to a fire alarm.

The answer to the petition contains the plea that the city is entitled to immunity arising from the exercise of governmental functions for the sole benefit of the public without exacting compensation for the services of the fire department. The answer contains also a general denial in addition to other pleas.

Upon a trial of the issues the district court permitted plaintiff to recover damages. The jury returned a verdict in his favor for $7,000. From a judgment therefor defendant appealed.

Assuming that negligence and resulting damages were pleaded and proved, was plaintiff entitled to a verdict? More than a third of a century ago the supreme court of Nebraska announced the following rule:

"A city is not liable at common law for the negligent acts of the members of its fire department." *Gillespie v. City of Lincoln*, 35 Neb. 34.

The law thus stated has been consistently followed.

*Burke v. City of South Omaha,* 79 Neb. 793; *Tewksbury v. City of Lincoln,* 84 Neb. 571; *State v. Love,* 89 Neb. 149; *State v. City of Lincoln,* 101 Neb. 57; *Rooney v. City of Omaha,* 104 Neb. 260; *State v. City of Omaha,* 112 Neb. 694.

It is now well settled by precedent that protection from fire in an incorporated city is a function of government. What is done by the fire department in extinguishing fires is the exercise of governmental power. In furnishing fire protection the city did not receive any pecuniary benefit. The governmental function exercised by the fire department differs from that of a municipal water or lighting plant which exacts compensation for services in the field of private or corporate enterprise. Negligence of firemen in the performance of their duties, though resulting in damages, is not actionable in a suit against the city, unless made so by statute. Plaintiff was injured in the line of his duties while responding to a fire alarm. The statutes have not been changed to authorize an action for damages based on negligence of the city or its fire department under such circumstances. The rule of nonliability applies to negligence of employees of a fire department. *Pettingell v. City of Chelsea,* 161 Mass. 368, 24 L. R. A. 426; *Long v. City of Birmingham,* 161 Ala. 427; *Wild v. City of Paterson,* 47 N. J. Law, 406; *Peaty v. City of New York,* 67 N. Y. Supp. 276; *Peterson v. City of Wilmington,* 130 N. Car. 76, 56 L. R. A. 959; *Lynch v. City of North Yakima,* 37 Wash. 657, 12 L. R. A. n. s. 261; *Miller v. City of Macon,* 152 Ga. 648; *City of Hattiesburg v. Geigor,* 118 Miss. 676.

Immunity extends also to negligence of and injury to members of volunteer fire departments. *Torbush v. City of Norwich,* 38 Conn. 225; *Yule v. City of New Orleans,* 25 La. Ann. 394; *Lawson v. City of Seattle,* 6 Wash. 184.

Though there are dissenting opinions in some of the cases cited and diverse decisions in others, the weight of authority supports the principles of law stated.

While the noble impulses of plaintiff in voluntarily serving the public without compensation are worthy of admi-

ration and while the distressing injuries which he could not foresee or avoid appeal to human sympathy, the courts are without power to make laws authorizing an action for the damages sustained by him, the law-making power having been committed by the Constitution to the legislative department of government.

The district court should have directed a verdict in favor of defendant. The judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.