The decree is affirmed with costs.

■

### ST. LOUIS–SAN FRANCISCO RY. CO. v. BLAKE, County Treasurer.

Circuit Court of Appeals, Tenth Circuit. December 9, 1929.

No. 61.

M. K. Cruce and Ben Franklin, both of Oklahoma City, Okl. (E. T. Miller, of St. Louis, Mo., on the brief), for appellant.

Eugene Jordan, of Tulsa, Okl. (Lydick, McPherren & Jordan, of Oklahoma City, Okl., and W. F. Pardoe, of Sapulpa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. The St. Louis-San Francisco Railway Company brought this action against Ralph H. Blake, as county treasurer of Creek county, Oklahoma, under the provisions of section 9971, C. O. S. 1921, to recover certain taxes assessed for the year 1925 in Creek county, Oklahoma, on the ground that the levies, upon which such taxes were based, were illegal. The original petition contained twenty causes of action. The railway company has appealed from a judgment in favor of the defendant upon the fifth, eleventh, fifteenth, sixteenth, nineteenth and twentieth causes of action.

The alleged illegality of the levies is predicated upon the contention that they were made to create a sinking fund for the payment of certain judgments, which were predicated upon debts and certain funding bonds which evidenced debts, attempted to be incurred by the town of Kiefer, Oklahoma, in violation of the limitations contained in section 26, art. 10, of the Oklahoma Constitution, which, in part, provides:

"No county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election,

to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for State and county purposes previous to the incurring of such indebtedness."

The railway company contends that the items of the original indebtedness were illegal because each of them exceeded the appropriation for the current year in which they were incurred; that the judgments based thereon are void because the court was without jurisdiction to render them; that the funding bond judgments, pursuant to which the funding bonds were issued, were void because the court was without jurisdiction to render them; that the funding bonds were not issued in lieu of any valid subsisting indebtedness, and, in issuing such funding bonds, the municipality attempted to incur or create a new indebtedness which was in excess of the 5 per cent. limitation of section 26, art. 10, supra, and that, therefore, the funding bonds are void.

Neither the bondholders nor the judgment creditors were made parties to the action and for that reason, at the very threshold of the case, we are called upon to determine whether there is an absence of necessary or indispensable parties defendant, without whose presence the court should not proceed to a consideration of the merits.

Section 28, art. 10, of the Oklahoma Constitution, in part, provides:

"Counties, townships, school districts, cities, and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay."

Each of the levies involved in causes of action five, eleven, fifteen, sixteen, nineteen and twenty were made for the specific purpose of paying the principal and interest of one of such judgments or funding bond issues, under the mandate of the provisions of the Oklahoma constitution last above quoted.

Section 9971, C. O. S. 1921, provides that, where the illegality of the tax is alleged to arise by reason of some action, from which the law provides no appeal, the aggrieved person shall pay the full amount of such tax and give notice to the collector showing the ground of complaint and that suit will be brought to recover such tax; that thereupon it shall be the duty of the collector, for a period of thirty days, to hold such tax separate from other taxes collected by him and if, within such period, summons is served upon him in such suit, then until the final determination of such suit; that in such suit, the court shall render judgment showing the correct and legal amount of tax due by such person and if such judgment shows that the tax paid is in excess of the legal and correct amount due, the collector shall refund to such person the excess.

Pursuant to this section, the railway company, under protest, paid the taxes based upon such levies. The taxes resulting from such levies, when paid, became a part of special funds, and if such levies were legal such funds, in equity, belong to the holders of such funding bonds and the owners of such judgments, and the city holds the legal title thereto in trust for such bondholders and judgment creditors. Vickery v. Sioux City (C. C.) 104 F. 164; Maenhaut v. New Orleans, 16 Fed. Cas. No. 8939, 2 Woods, 108. The treasurer is largely in the position of a stakeholder. If the levies were illegal, he should repay such taxes to the railway company. On the other hand, if the levies were legal, he should pay the same to the bondholders and judgment creditors. The real parties in interest are the railway company, a taxpayer, and the bondholders and judgment creditors. The title to the fund is the real issue in the case.

The railway company levies its attack directly at the bonds and judgments, and, as a foundation for the right to recover the taxes, seeks an adjudication declaring the bonds and judgments invalid and the levies made to pay them illegal; and seeks to recover back a fund to which a trust has attached in behalf of the bondholders and judgment creditors, if the bonds and judgments are valid and are enforceable.

Section 219, C. O. S. 1921, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Section 224, C. O. S. 1921, provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be

had without the presence of other parties, the court must order them to be brought in."

These, and similar provisions, carry into the Codes of Civil Procedure the equitable doctrine that a court cannot proceed to decree until all necessary parties are before it, and, even in the absence of due and timely objection, enjoin the court from rendering judgment in the absence of a party whose presence is essential to a determination of the controversy. Denison v. Jerome, 43 Colo. 456, 96 P. 166, 167, 168; Osterhoudt v. Board of Supervisors of the County of Ulster, 98 N. Y. 239; McDougald v. New Richmond Roller Mills Co., 125 Wis. 121, 103 N. W. 244, 247; Phœnix Mutual L. I. Co. v. Lincoln, 87 Neb. 626, 127 N. W. 1069; Haynes v. City Nat'l Bk., 30 Okl. 614, 121 P. 182, 184; Gerson v. Hanson, 34 Kan. 590, 9 P. 230, 231; Walrath v. Bd. of Co. Com'rs of Valencia Co., 18 N. M. 101, 106, 107, 134 P. 204; Miller v. Klasner, 19 N. M. 21, 26, 140 P. 1107; 47 C. J. 214.

In Osterhoudt v. County of Ulster, supra, the court said:

"The action was brought * * * by the plaintiffs, as taxpayers of the town of Kingston, against the board of supervisors of Ulster county and the town auditors of the town, to vacate certain audits of town accounts, made by the board of town auditors at its annual meeting in November, 1879, in favor of a large number of individuals, * * * and to restrain the board of supervisors from levying upon the town a tax for their payment, * * *

"The individuals in whose favor the audits were made were not made parties in the first instance, nor were they brought in at any stage of the action. The only defendants are the board of supervisors and the town auditors. The question of defect of parties was not raised by demurrer or answer. The point, however, was taken at the commencement of the trial and was overruled. The defendants, by omitting to take the objection, by demurrer or answer, are 'deemed to have waived it.' Code of Civ. Proc. § 499. But the rule which prevailed in courts of equity, that the court would not proceed to a decree until all necessary parties were before the court, has been preserved by the Code. Section 452 provides: 'The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court

must direct them to be brought in.' Construing sections 452 and 499 together, their meaning is that a defendant, by omitting to take the objection that there is a defect of parties by demurrer or answer, waives on his part any objection to the granting of relief on that ground, but when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment. * * *

"It seems very plain that the persons in whose favor the audits were made were necessary parties. The judgment vacates the audits and restrains their collection in the usual course. They are necessarily prejudiced. Indeed they are parties primarily interested. They are deprived of the benefit of the adjudication of the board of audit, and if they should undertake to compel the board of supervisors to levy a tax for the payment of the claims, they would be met by the judgment in this case vacating the audits and restraining the collection."

While the Supreme Court of Oklahoma held the contrary in Eaton v. St. Louis-San Francisco Ry. Co., 122 Okl. 143, 251 P. 1032, 1039, the great weight of authority supports the proposition that bondholders are necessary parties defendant in suits to enjoin the enforcement of special levies to pay municipal bonds, to enjoin the payment of the principal or interest of such bonds, or to recover special taxes levied to pay the principal and interest of such bonds, after payment under protest. Anthony v. State, 49 Kan. 246, 30 P. 488; Jones v. Clark (Tex. Civ. App.) 250 S. W. 217, 218; Stallcup v. Tacoma, 13 Wash. 141, 42 P. 541, 544, 52 Am. St. Rep. 25; Page v. Town of Gallup, 26 N. M. 239, 191 P. 460; State ex rel. Hall v. County Court of Mercer County, 100 W. Va. 11, 129 S. E. 712, 714; Graham v. Minneapolis, 40 Minn. 436, 42 N. W. 291; Slutts v. Dana (Iowa ) 109 N. W. 794, 796; Grater v. Logan High School Dist., 64 Colo. 600, 173 P. 714; 44 C. J. p. 1366, § 4520; Id. p. 1426, § 4607.

In Anthony v. State, supra, the court said:

"If the bondholders had been made parties to the action, they might have shown that the bonds were all regularly issued, and that the amount thereof did not exceed 10 per cent. of the assessed value of the taxable property within the city; and they might also have shown that neither the bonds nor

any record of either the city or the county shows any irregularity in the issue of the bonds, or any excess in the amount thereof, or anything else that would invalidate them or even cast doubt upon them. But, as above stated, the bondholders were not made parties, and there is no statement or showing why they were not made parties. We think 'there is a defect of parties defendant,' as was claimed by the demurrer of the defendants below to the petition of the plaintiff below. The bondholders are the only persons who could be made real parties in interest as defendants in this controversy. They are the only ones whose rights will be substantially affected by declaring the bonds to be invalid or by enjoining the officers from levying or collecting any taxes to pay them or to pay any interest thereon. The present defendants have no interest in having the bonds declared to be valid, and their interests are probably on the other side. In all probability their interests would require that the bonds should be held to be invalid and that no taxes should ever be levied or collected to pay anything on them."

In a suit to recover general taxes, where the municipality is the sole party directly interested, no doubt the treasurer would be the only necessary party defendant, but where, as here, the validity of obligations held by third persons and funds to which they claim the beneficial title are involved, such third persons are indispensable parties defendant, without whose presence the court should not proceed. While the decision, adjudging the bonds and judgments invalid, would not bind the holders and owners thereof, it would necessarily injure, if not wholly destroy, the value of the bonds and judgments, and would prejudice the rights of such holders and owners. Under such circumstances, they are necessary parties defendant. Calif. v. Sou. Pac. Co., 157 U. S. 229, 249, 256, 15 S. Ct. 591, 39 L. Ed. 683; McDougald v. Roller Mills Co., supra; Franz v. Buder (C. C. A. 8) 11 F.(2d) 854, 856, 857. We conclude that the trial court should not have proceeded in the absence of the bondholders and judgment creditors, but should have ordered them to be brought in as parties defendant.

Since the primary object of the action is to determine the title to the funds created by the payment, under protest, of such taxes, and since such fund is within the jurisdiction of the court, such absent bondholders and judgment creditors, if non-residents of the Northern District of Oklahoma, could be served with process under the provisions of section 57 of the Judicial Code, section 118,

tit. 28, U. S. Code (28 USCA § 118); Franz v. Buder, 11 F.(2d) pp. 857, 858.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion. The costs on appeal will be assessed equally to each party.