BARKDULL, Judge.
This cause involves the validity of the Metropolitan Dade County “lot clearing” ordinance. The trial court held the ordinance valid, notwithstanding an attack on its constitutionality, and this appeal ensued.
Pursuant to its charter authority, Metropolitan Dade County duly enacted what is termed a “lot clearing” ordinance [1] in 1962. Under the provisions thereof, the County Manager found that a lot owned by the appellant was in such condition as to constitute a nuisance and therefore, after due notice and no action having been taken by the property owner to abate same, the County Manager caused said lot to be cleared and a lien placed against the property in the sum of $135.00. The principal thrust of the appellant is that the ordinance in question is unconstitutional as providing no standards to govern the action of the County Manager in performing the duties assigned to him under the ordinance, contending that in fact the County Manager has an unbridled discretion in its interpretation. The appellant relies primarily upon the case of Mahon v. County of Sarasota, Fla.1965, 177 So.2d 665, wherein the Supreme Court of Florida held a special act,[2] which gave “lot clearing” powers to Sarasota County, to be unconstitutional.
We believe that the ordinance in the instant case is distinguishable from the special act in the Sarasota case. If it is not, then this opinion of affirmance is in conflict with the Supreme Court in Mahon v. County of Sarasota, supra. First, it is noted that the Sarasota act provided that the powers conferred thereunder could be activated upon a complaint by a citizen. No such provision is found in the Dade County ordinance. Second, the Sarasota act required the concurrence of a majority of a committee of three before any action could be taken thereunder. This is not true under the Dade County ordinance; the County Manager is charged with the sole responsibility of enforcing the act whenever he finds a nuisance to exist. Third, the Sarasota act provided that it would be applicable only within two hundred (200) feet of a “structure”. The Dade County ordinance holds that it is effective for property within one hundred (100) feet of other improved property. We believe that what is an improved [3] parcel or lot is much more easily ascertainable than what might constitute a structure. Fourth, the main argument of the appellant is that the ordinance is vague and indefinite, and fails to lay down guide lines.
The special act relating to Sarasota County provided, in part, as follows:
“Section 2. Nuisance declared. — It is hereby declared and determined by the *506 legislature of Florida that accumulations of trash, refuse, filth, garbage, unsanitary, or other noxious matter, and heavy, dense or dank growths of weeds, grass, underbrush, palmettos or other vegetation, which might communicate fire or serve as a breeding place for or harbor insects, rodents, snakes or other pests or vermin, within two hundred (200) feet of any structure located in the unincorporated areas of Sarasota county, each and all constitute a nuisance, and are detrimental and a menace not only to the public safety, health and welfare of the county of Sarasota and its inhabitants but also to the economic growth, stability and prosperity of said county and to its inhabitants. * * * ”
The comparable provision of the Dade County ordinance provides as follows:
“Sec. 19-3. Public nuisances prohibited.
“The existence of excessive accumulation or untended growth of weeds, undergrowth or other dead or living plant life upon any lot, tract or parcel of land, improved or unimproved, within one hundred feet (100') of any improved property within the unincorporated areas of this county to the extent and in the manner that such lot, tract or parcel of land is or may reasonably become infested or inhabited by rodents, vermin or wild animals, or may furnish a breeding place for mosquitoes, or threatens or endangers the public health, safety or welfare, or may reasonably cause disease, or adversely affects and impairs the economic welfare of adjacent property, is hereby prohibited and declared to be a public nuisance. (Ord. No. 62-53, § 3, 12-4-62)”
The latter pertains to actual facts and is a more limited definition than that contained in the special act, and should be readily ascertainable by the average person as to its meaning and limitations. We further note that Metropolitan Dade County is possessed of all the powers of a municipality within the State of Florida. Sec. 101(21), Home Rule Charter for Metropolitan Dade County; Art. VIII, Sec. 6(f), Constitution of the State of Florida, F.S.A. Municipalities are specifically vested with the power to abate nuisances. § 167.05, Fla.Stat. F.S.A. No comparable power is found in general county powers. Therefore, this is another reason why the ordinance in the instant case should be held valid. Similar ordinances have been held valid in other jurisdictions. Thain v. City of Palo Alto, 207 Cal.App.2d 173, 24 Cal.Rptr. 515; City of St. Louis v. Galt, 179 Mo. 8, 77 S.W. 876; Greenwood v. City of Lincoln, 156 Neb. 142, 55 N.W.2d 343; Anno. 12 A.L.R. 1136, 1143.
It is true that unbridled discretion may not be delegated to an administrative official [Phillips Petroleum Co. v. Anderson, Fla.1954, 74 So.2d 544; Lewis v. Florida State Board of Health, Fla.App.1962, 143 So.2d 867; Mahon v. County of Sarasota, supra; Dickinson v. State, Fla.1969, 227 So.2d 36] and there must be guide lines in the legislation delegating the power. Hutchins v. Mayo, 143 Fla. 707, 197 So. 495; Delta Truck Brokers, Inc. v. King, Fla.1962, 142 So.2d 273; Mahon v. County of Sarasota, supra; Dickinson v. State, supra. However, as indicated above, the Dade County ordinance merely directs the County Manager as to how to perform his duties in protecting the general welfare of the public under the police power when a nuisance exists. This action on the part of the County Manager is taken for the benefit of the community as a whole; is not an invasion of private property nor a confiscation thereof, but is merely a regulation of the use of private property in order that it will not be used to the detriment of the general public. Miami Beach v. Texas Co., 141 Fla. 616, 194 So. 368; Knowles v. Central Allapattah Properties, Inc., 145 Fla. 123, 198 So. 819; Hav-A-Tampa Cigar Company v. Johnson, 149 Fla. 148, 5 So.2d 433; Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, 156 Fla. 673, 24 So.2d 33; 6 Fla.Jur., Constitutional Law, § 192.
*507 The other points raised by the appellant have been examined and found to be without merit.
Therefore, for the reasons above stated, the final summary judgment here under review be and the same is hereby affirmed.
Affirmed.

. Ch. 19, Code of Metropolitan Dade County.

. Ch. 63-1922, Special Acts of Fla.1963.

. Webster’s New International Dictionary, 2d Edition, Unabridged, defines “improve” :
“5(b) to raise the value of (land) by erection of buildings or other structures, or by laying out streets and installing utilities, such as sewers, water, gas, etc.”